FILED
CLERK, U.S. DISTRICT COURT
12/20/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 8:21-CR-00227-DOC |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SCOTT V. SPINA, JR., | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1341]

A. THE SCHEME TO DEFRAUD

1. Beginning in or around September 29, 2017, and continuing until at least on or about November 18, 2017, in Orange County, within the Central District of California, and elsewhere, defendant SCOTT V. SPINA, JR., knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim S.W. as to material matters, and to obtain money and property from S.W. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

B.   THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

2.   The scheme to defraud operated, in substance, in the following manner:

   a.   Defendant SPINA obtained former New England Patriots player T.J.'s championship ring from the Super Bowl played for the 2016 National Football League season ("Super Bowl LI ring") by providing T.J. at least one check that defendant SPINA knew was not backed by sufficient funds in defendant SPINA's bank account. Defendant SPINA then sold the ring to a well-known buyer of sports rings, S.W., located in Orange County, California, for $63,000.

   b.   Along with the Super Bowl ring, T.J. provided defendant SPINA the written materials from the ring company that made that Super Bowl ring ("the Ring Company"), including a document with a web address and T.J.'s login and password for ordering Patriots family collection materials. Defendant SPINA kept that material and did not provide it to S.W. when he sold T.J.'s Super Bowl ring. That collection included family and friends Super Bowl rings that Patriots players could order, which were a little smaller than the Super Bowl rings issued to players, but otherwise appeared very similar to the Super Bowl LI ring. T.J., as a player on the championship team, could order Super Bowl rings from the Ring Company, but they were not available to purchase by members of the public, such as defendant SPINA.

   c.   Defendant SPINA then called the Ring Company, fraudulently identified himself as T.J., and started ordering three family and friend Super Bowl LI rings with the name "Brady" engraved on each one, which he falsely represented were gifts for the baby of quarterback Tom Brady. The rings were at no time authorized by Tom

Brady.  Defendant SPINA intended to obtain the three rings by fraud and to sell them at a substantial profit.

      d.   On the same date that he started to order the rings, defendant SPINA texted S.W. and told him that he was working "a deal out with brady rings."  Defendant SPINA later falsely told S.W. that he knew three nephews of Tom Brady, that Tom Brady had purchased Friends/Family Super Bowl rings for each of his nephews as gifts, and that Tom Brady was going to give the rings as a gift to his nephews at Thanksgiving.  Defendant SPINA falsely claimed that the nephews lived in Massachusetts and were going to sell the rings to defendant SPINA.

      e.   On or about October 5, 2017, defendant SPINA and S.W. entered into a written contract to purchase "Three (3) Tom Brady <u>Family</u> 2016 New England Patriots Super Bowl LI World Championship Rings."  In the written contract, defendant SPINA represented that the three rings "were ordered for Tom Brady directly from [the Ring Company] for select family members," which defendant SPINA then knew was false.  In the written contract, S.W. agreed to pay defendant SPINA $81,500 for the three rings, with $6,500 "[d]eposit to be wired" in advance and $75,000 due "at time of pick-up" of the rings.

      f.   On or about October 5, 2017, defendant SPINA sent overnight, via FedEx, the signed copy of the contract from New Jersey to S.W. in Orange County, California, which S.W. received in Orange County the next day.

      g.   On or about October 5, 2017, defendant SPINA sent a $31,757.86 certified bank check to the Ring Company to pay for the three Super Bowl rings.

        h.    S.W. made three wire transfers on or about October 6, 7, and 9, 2017, to defendant SPINA to pay the $6,500 deposit agreed to in the contract.  S.W. made the payments from Orange County, California, to defendant SPINA in New Jersey.

B.    <u>USE OF THE MAIL</u>

    3.    On or about October 6, 2017, defendant SPINA, for the purpose of executing the above-described scheme to defraud, knowingly caused to be delivered by a private and commercial interstate carrier, namely, Fed Ex, from New Jersey to S.W. in Orange County, within the Central District of California, an envelope containing a signed written contract to purchase "Three (3) Tom Brady <u>Family</u> 2016 New England Patriots Super Bowl LI World Championship Rings," in which defendant SPINA falsely represented that the rings "were ordered for Tom Brady directly from [the Ring Company] for select family members."

COUNTS TWO THROUGH FOUR

[18 U.S.C. § 1343]

A. THE SCHEME TO DEFRAUD

4. Beginning in or around September 29, 2017, and continuing until at least on or about November 18, 2017, in Orange County, within the Central District of California, and elsewhere, defendant SCOTT V. SPINA, JR., knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim S.W. as to material matters, and to obtain money and property from S.W. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5. The scheme to defraud operated, in substance, as set forth in paragraph 2 of this Information, which is incorporated here.

B. USE OF THE WIRES

6. On or about the dates set forth below, defendant SPINA, for the purpose of executing the above-described scheme to defraud, transmitted and caused others to transmit by means of wire communication in interstate and foreign commerce, the following transfers of money, from S.W., from Orange County, within the Central District of California, through the Zelle Banking App and S.W.'s Bank of America account, to defendant SPINA's PNC account in New Jersey:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| TWO | October 6, 2017 | S.W. wired defendant SPINA $2,500 with the description "1st Payment on our agreed upon $6,500 DEPOSIT of our October 5, 2017 CONTRACT for #3# Tom Brady Family 2016 New England Patriots Super Bowl Rings! Balance of $4,000 remaining." |

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| THREE | October 7, 2017 | S.W. wired defendant SPINA $2,500 with the description "2nd Payment on our agreed upon $6,500 DEPOSIT of our October 5, 2017 CONTRACT for three 3 Tom Brady Family 2016 New England Patriots Super Bowl Rings! Balance of $1,500 remaining." |
| FOUR | October 9, 2017 | S.W. wired defendant SPINA $1,500 with the description "3rd Payment on our agreed upon $6,500 DEPOSIT on our October 5, 2017 CONTRACT for 3-Tom Brady Family 2016 New England Patriots Super Bowl Rings! Balance of deposit is paid in-full." |

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

7. On or about October 4, 2017, in Orange County, within the Central District of California, and elsewhere, defendant SCOTT V. SPINA, JR., knowingly used, without lawful authority, a means of identification that defendant SPINA knew belonged to another person, namely, the name of T.J., during and in relation to the offense of Mail Fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count One of this Information.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
United States Attorney

*/s/ signature*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section

ERIK M. SILBER
Assistant United States Attorney
Environmental and Community Safety Crimes Section