STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER (Cal. Bar No. 190534)
Assistant United States Attorney
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2231
     Facsimile: (213) 894-8513
     E-mail:    Erik.Silber@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-227-DOC |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT |
| v. | |
| SCOTT V. SPINA, JR., | Sentencing Date: Aug. 29, 2022<br>Sentencing Time: 1:30 pm |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Erik M. Silber, hereby files its objection to the Presentence Report ("PSR").

This objection is based upon the attached memorandum of points

///

///

and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 12, 2022          Respectfully submitted,

                                STEPHANIE S. CHRISTENSEN
                                Acting United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                      /s/
                                ERIK M. SILBER
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

The factual basis in the plea agreement contains a detailed recitation of the offense conduct around defendant's efforts to defraud the Ring Company, S.W., and T.J. involving New England Patriots Super Bowl LI championship rings (that same information is described in detail in the PSR as well). Specifically, defendant obtained T.J.'s Super Bowl ring, without paying for it and, in the process, obtained paperwork from the Ring Company explaining how to order family and friend Super Bowl rings as a Patriots player on the championship team. Defendant called the ring company, falsely stated that he was T.J., and falsely stated that he was ordering rings for Tom Brady's family with Brady's name on them. Through those actions, defendant got the Ring Company to sell him three rings with Brady's name on them that he was not authorized to order. Defendant wanted rings with Brady's name on it, not T.J.'s, because they would have substantial value, particularly if he represented that the rings were ordered by or for Brady. Defendant then agreed to sell the three rings to S.W. for $81,500, by fraudulently claiming they were bought by Tom Brady for family members. After S.W. backed out over concerns over the rings' authenticity, defendant sold the rings that same day to an auction house, and one of the three rings later sold at auction for more than $300,000.

The PSR identifies that T.J. suffered an actual loss of $63,000. (PSR ¶ 65). According to the PSR, defendant has a base offense level of seven (because the statutory maximum for his offense is 20 years or more in prison, USSG § 2B1.1(a)(1)). (PSR ¶ 76). Defendant received an eight-level enhancement for an actual

and intended loss of $144,500, resulting from an actual loss to victim T.J. of $63,000, and an attempted loss of $81,500 to victim S.W., USSG § 2B1.1(b)(1)(E).  (PSR ¶¶ 77-81).  With a two-level reduction for acceptance of responsibility, USSG § 3E1.1(a) (PSR ¶ 87), defendant has a total offense level of 13.  Defendant also has seven criminal history points, which placed him in criminal history category of IV.  (PSR ¶ 98).  With a total offense level of 13, and a criminal history category of IV, the defendant has a Guideline sentencing range of 24 to 30 months in prison on counts one through four, to be followed by a 24-month consecutive sentence on count five.  The Probation Office recommended a downward variance for defendant, recommending that the Court sentence defendant to 16 months in prison on the Guideline conduct and 24 months for the mandatory-minimum offense, resulting in a total sentence of 40 months in prison.  The PSR also identified that defendant owes victim T.J. $63,000 in restitution (PSR ¶ 164) and recommends payment of that amount (Recommendation Letter 1).

**II.   GOVERNMENT'S OBJECTION TO THE PSR**

The government has one objection to the PSR.  Although defendant sold T.J.'s Super Bowl ring to S.W. for $63,000, as reflected in the PSR (PSR ¶¶ 22-23), defendant defrauded T.J. out of $50,000, which was the agreed-upon price which Spina was supposed to pay T.J. for his rings and which T.J. identified he never received.  (Exhibit A at 2).  This objection does not impact the Guideline range, but does impact the restitution obligation to T.J.  With that

1 | objection, the government recommends that the Court order defendant
2 | to pay $50,000 of restitution to victim T.J.[1]

---

[1] Neither S.W. nor the ultimate buyer of T.J.'s Super Bowl ring suffered loss.  The fraud as to this conduct related to defendant obtaining rings from T.J. without paying him the agreed-upon amount of money.  The restitution to T.J. addresses, and remedies, that fraudulent conduct.